UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ADNAND RATHOD, *et al.*,            )
                                    )   No. C20-0064RSL
               Plaintiffs,          )
      v.                            )
                                    )   ORDER GRANTING DEFENDANTS'
PROVIDENCE HEALTH & SERVICES,       )   MOTION TO CONTINUE CASE
d/b/a PROVIDENCE REGIONAL MEDICAL   )   MANAGEMENT DEADLINES
CENTER and/or PROVIDENCE HOSPITAL   )
OF EVERETT, *et al.*,               )
                                    )
               Defendants.          )
_____ )

This matter comes before the Court on the United States' "Motion to Continue Case Deadlines" (Dkt. # 39), in which the other defendants join (Dkt. # 41 and # 42).[1] Plaintiffs are seeking to recover $2 million in past economic damages and over $40 million in projected future healthcare costs associated with injuries the minor, P.R., suffered during labor and delivery. The case management order in this case was issued in March 2020 and establishes an expert disclosure deadline of October 7, 2020. Defendants have shown that, despite their diligent efforts to acquire a complete set of plaintiffs' medical records to inform the identification and preparation of expert witnesses, they will not be able to meet that deadline or the subsequent

---

[1] The Court has considered plaintiffs' untimely opposition, but need not wait for a reply before resolving this motion.

ORDER GRANTING DEFENDANTS' MOTION
TO CONTINUE CASE MANAGEMENT DEADLINES - 1

deadlines which depend on the timely disclosure of experts.[2]

For all of the foregoing reasons, the motion to continue case management deadlines is GRANTED. An amended case management order with a trial date of November 1, 2021, will be issued.

Dated this 16th day of September, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] Defendants have been requesting plaintiffs' medical records since January 2020, providing a form release, offering to set up a file sharing program so that documents already in plaintiffs' possession could be transferred remotely, and repeatedly contacting plaintiffs' counsel regarding production. These efforts met with only limited success. One of the defendants eventually resorted to issuing a Rule 45 subpoena to one of P.R.'s known providers, which resulted in the early-September production of records held by Seattle Children's Hospital. Plaintiffs' assertion that defendants "have been in possession of the relevant medical records since they were created" (Dkt. # 44 at 3) may apply to the medical records associated with childbirth, but is otherwise wholly unsupported.

ORDER GRANTING DEFENDANTS' MOTION
TO CONTINUE CASE MANAGEMENT DEADLINES - 2