# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ADNAND RATHOD and AESHA RATHOD, individually, and Joshua Brothers as Guardian ad Litem for PR, a minor,

Plaintiffs,

v.

PROVIDENCE HEALTH & SERVICES, d/b/a PROVIDENCE REGIONAL MEDICAL CENTER and/or PROVIDENCE HOSPITAL OF EVERETT, a Washington corporation, DANA BLACKHAM, MD, individually, UNITED STATES OF AMERICA, and JOHN/JANE DOES 1-50,

Defendants.

Case No. 2:20-cv-00064-RSL

ORDER GRANTING MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS AND TO EXTEND THE DEPOSITION OF AESHA RATHOD

This matter comes before the Court on "The United States' Motion to Compel Discovery from Plaintiffs and to Extend the Deposition of Aesha Rathod." Dkt. # 57. The other defendants have joined in portions of the motion. Dkt. # 59 and Dkt. # 60. The Court, having reviewed the memoranda, declarations, and exhibits submitted by the parties, finds as follows:

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery

ORDER GRANTING MOTION TO COMPEL DISCOVERY
FROM PLAINTIFFS AND TO EXTEND THE DEPOSITION OF
AESHA RATHOD - 1

in federal civil litigation. Rule 26(b) sets forth the threshold requirements that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is evaluated in light of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If the threshold requirements of Rule 26(b), namely relevance and proportionality, appear to be satisfied, discovery may nevertheless be limited under Rule 26(c), which provides courts with the authority to issue, for good cause, a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." To establish good cause under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). *See also Bechman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Plaintiffs, as the parties resisting discovery, bear the initial burden of making a specific objection and either raising an inference that the discovery fails the proportionality calculation

mandated by Rule 26(b) or showing that they will suffer "annoyance, embarrassment, oppression, or undue burden or expense" if the discovery is allowed to proceed. *See Llera v. Tech Mahindra (Americas) Inc.*, No. C19-0445RSL, 2021 WL 2400752, at *3 (W.D. Wash. June 11, 2021); *Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2019 WL 2271804, at *6 n.3 (S.D. Cal. May 28, 2019). They have not satisfied their burden.

The United States' motion is therefore GRANTED. Plaintiffs are ordered to provide complete responses, including sworn verifications, within twenty-one (21) days of this Order to the following discovery propounded by the United States:

a) Interrogatory Nos. 1-12, Requests for Production Nos. 1-7, 9 to Aesha Rathod,

b) Interrogatory Nos. 1-7, Requests for Production Nos. 1-7, 9 to Anand Rathod,

c) Interrogatory Nos. 1-6, Requests for Production Nos. 1, 3-5 to P.R.

Plaintiffs shall provide executed medical record releases in the forms proposed by the United States (Dkt. # 58-9 at 3-17), identifying all medical providers from 2017 onwards, within fourteen (14) days of this Order. In addition, Aesha Rathod shall sit for an additional 4 hours of continued deposition after plaintiffs provide complete responses as ordered above and before the close of discovery.

DATED this 21st day of June, 2021.

ROBERT S. LASNIK
United States District Court Judge

ORDER GRANTING MOTION TO COMPEL DISCOVERY
FROM PLAINTIFFS AND TO EXTEND THE DEPOSITION OF
AESHA RATHOD - 3